PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2002 Dodge Neon struck a piece of a tire that was in the road while she was traveling westbound on 1-64 near Barboursville, Cabell County. 1-64 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 6:30 p.m. on November 15, 2005, a clear evening. 1-64 is a four-lane highway at the area of the incident involved in this claim. Claimant testified that she was driving at approximately seventy miles per hour when the vehicle in front of her struck something in the road. The object came back and struck her vehicle. Ms. Neal testified that she looked in the rear view mirror after her vehicle struck the object and saw that it was a piece of a tractor trailer tire. The tire struck claimant’s vehicle damaging the front hood. The damage sustained totaled $1,503.50. Claimant’s insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-64 prior to claimant’s incident. Charlene Pullen, Supervisor for respondent responsible for 1-64, Section 1, testified that there had been no notice of a tire in the road on the date of claimant’s incident. Ms. Pullen stated that there is one employee for respondent that travels the stretch of 1-64 that her office is responsible for every day to remove any debris in the roadway. She also stated that after normal work hours, her office can be notified by police or emergency services of objects in the road and that she will then be contacted. Respondent maintains that it had no notice of a tire in the road prior to claimant’s incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the evidence established that respondent did not have actual or constructive notice of a tire in the road on 1-64 prior to the incident in question. Consequently, there is insufficient evidence of negligence upon which to justify an award. Thus, the claimant may not make a recovery for her loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.